Citation Nr: 1443666 
Decision Date: 09/30/14 Archive Date: 10/06/14

DOCKET NO. 11-31 717 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Atlanta, Georgia


THE ISSUE

Entitlement to waiver of recovery of overpayment of nonservice-connected pension in the amount of $13, 534.00.


REPRESENTATION

Veteran represented by: Disabled American Veterans

WITNESS AT HEARING ON APPEAL

The Veteran

ATTORNEY FOR THE BOARD

D. Johnson, Counsel





INTRODUCTION

Pursuant to 38 C.F.R. § 20.900(c), the appeal has been advanced on the Board's docket.

The Veteran, who is the appellant, served on active duty from April 1969 to March 1971.

This matter is before the Board of Veterans' Appeals (Board) on appeal of a decision in January 2011 of the Committee on Waivers and Compromises (Committee) that determined that there was no basis to waive recovery of an overpayment of $45,108.00 in nonservice-connected pension benefits.

The Veteran appeared at a hearing before the undersigned Veterans Law Judge in May 2013. A transcript of the hearing is in the Veteran's file.

In a decision in November 2013 the Board waived recovery of overpayment of nonservice-connected pension in the amount of $31,574.00. The Board denied a waiver of recovery of overpayment of in the amount of $13,534.00. The Veteran appealed the Board's decision to the United States Court of Appeals for Veterans Claims (Court).

In an Order in July 2014, the Court granted a Joint Motion for Remand of the parties, the Veteran and Secretary of VA, and vacated the Board's decision for further proceedings consistent with the Joint Motion for Remand.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). 



REMAND

The Veteran asserts that repayment of the remaining debt in the amount of $13,534.00 will cause undue hardship.

In order to consider a waiver of the remaining indebtedness under the standard of equity and good conscience, and in particular considering undue hardship as it relates to the Veteran's financial status, further factual development under the duty to assist is needed. 

With the waiver of $31,574.00, of the debt, the amount waived becomes an asset whether or not recouped rather than a liability. Also, since December 2012, the Veteran has been granted VA disability compensation in the amount a $1,293.00 a month. 

As there has been a material change in the Veteran's financial status since the last financial status report in July 2010, further development is needed.

Accordingly, the case is REMANDED for the following action:

1. Prepare an audit of the Veteran's account, setting forth the precise amount that has been recouped and the amount now due, considering the Board's decision to waiver $31,574.00 of the debt. 

2. Ask the Veteran to submit an updated VA Form 5655, Financial Status Report, listing all monthly income, monthly expenses, assets and debts. This report should reflect whether he is currently receiving benefits from the US Railroad Retirement Board Administration and in what amount; and the amount of benefits he receives from the Social Security Administration. 



3. After the above development, adjudicate the claim of waiver of recovery of the remainder of the debt. If the benefit sought is denied, furnish the Veteran and his representative a supplemental statement of the case and return the case to the Board.

The Veteran has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

The claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2013).



_________________________________________________
George E. Guido Jr.
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2013).